**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

12

DAVID ANGEL SIFUENTES III,
Plaintiff,

CASE NO.

HON.

Case: 2:24-cv-10827
Assigned To : Berg, Terrence G.
Referral Judge: Patti, Anthony P.
Assign. Date : 4/1/2024
Description: COMP SIFUENTES V. MICHIGAN. STATE OF (NA)

-v-

STATE OF MICHIGAN,
Defendant.
_______________________________ /

## COMPLAINT AND MEMORANDUM OF LAW

Now comes David Angel Sifuentes III, In Pro Se submitting this complaint and memorandum of law challenging the constitutionality of Michigan expungement statute and the discrimination to sex offender's ability to seek expungement. Sifuentes asks that this Honorable Court liberally construe this pleading, *Haines v. Kerner*, 404 US 519, 92 SCT. 594 (1972); *People v. Herrera*, 204 Mich. App. 333 (1994), and states as follows:

## FACTS AND LAW

### *Facts and procedural history*

David Angel Sifuentes III, was convicted of third-degree sexual conduct (CSC III), MCL 750.520d(1)(b), and furnishing alcohol to a minor, MCL 436.1701(1), in the 42nd Circuit Court for the County of Midland Case No. 00-009445-FH before the Honorable Paul J. Clulo following a jury trial. Sifuentes was charged on December 14, 1999 and was tried on November 6, 2000. Sifuentes filed an application to set-aside the conviction and the Court denied the request. The court did not issue a written opinion.

Sifuentes was found guilty around November 9, 2000 after a jury deadlocked on the criminal sexual conduct charge. Sentenced on January 19, 2001 to concurrent terms of five to fifteen

year's imprisonment for the CSC III conviction, and thirty-one days furnishing alcohol to a minor. While Sifuentes was incarcerated he was tried separately for one of the 404(b) witnesses and was acquitted for the alleged assault in 2001.

On are around 2002 and 2003 The Michigan Court of Appeals and Supreme Court upheld his conviction on direct appeal.

Sifuentes sought expungement and was denied on December 8, 2023, (Exhibit A, Order on application to set aside conviction due to the expungement statute preventing a class of sex offenders from expungement. The state automatically set-aside Sifuentes conviction for Alcohol-Sell/furnish a Minor but did not expunge the CSC 3rd Degree conviction.

***Jurisdiction***

This Court has federal jurisdiction 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

***Law and memorandum***

***i. Unconstitutionality of MCL 780.621 in violation Federal and state due process of the equal protection clause, ex post facto, and is discriminatory and violates Sifuentes right to equal opportunity to seek employment.***

Sifuentes should be able to set-aside his conviction, on the grounds that the statute of MCL 780.621 should provide equal access and relief to Sifuentes 23 year old conviction for the same reason that applicants with a 7 year old conviction can apply for and receive automatic expungement.

Sifuentes state and federal due process rights to equal protection or being violated, became the statue is discriminatory on its face and prohibits a certain class of individuals form applying and receiving the same relief that all other applicants can receive that is setting aside a conviction that is 7 years old. Sifuentes conviction is over 23 years old and he has no other felonies or been in trouble since. Sifuentes should be able to start a new life and receive the same equal treatment and relief of applicants that can apply for expungement also receive automatic expungement.

Sex offenders are treated differently and receive forever punishment with no rational basis. Making Sifuentes ineligible to set-aside his conviction is unconstitutional. The equal protection clause of the Fourteenth Amendment prohibits a state from denying to any persons within its jurisdiction the equal protection of the laws. *Dixon v. University of Toledo, 702 F.3d 269 (6th Cir. 2012).* A "class-of-one" equal; protection claim is cognizable when a plaintiff alleges that has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Here there is no rational basis that the state has to prohibit sex-offenders from receiving automatic and the opportunity to seek expungement from the statute. A sex offense is no different than any other felony, is still a crime and subject to punishment just like any other felony and a sex offender should not be prohibited from receiving the same opportunity to a fresh start as any other felon that is allowed to have their conviction set-aside under the new law of MCL 780.621.

Here Sifuentes is being treated differently than any other felon and the equal protection clause essentially requires that all persons similarly situated be treated alike, and equal protection violation occurs when government treats someone differently than another who is similarly situated. *Jacobs v. Visonsi & Jacobs Co. v. City of Lawrence, KS, 927 F.2d 1111 (10th Cir. 1991);City of Cleburne v. Celburne Living Center, 473 U.S. 42 (1985).*

The statute violates the ex post facto cause which is a discriminatory statute that punishes sex offenders and denies Sifuentes rights to equal protection of the laws for felons that can receive automatic expungement and a second chance of life. The Ex Post Facto Clause prohibits states from enacting laws that criminalize an act already performed. *Doe v. Busby, 661 F.3d 1001 (9th Cir. 2011).* Sifuentes has already served his time and obeys the laws for over 23 years and he should not be continued to be punished and denied his right to equal protection and the opportunity to receive expungement and automatic expungement especially from a statute that is discriminatory.

The statute is discriminatory to sex offenders and focuses on being discriminatory to sex offenders despite the fact that sex offenders have a very low recidivism rate of crime. The statute should allow Sifuentes to automatically have his conviction set-aside. The statute creates an EEOC violation under the Equal Employment Opportunity commission by denying a class of felons to have the same equal treatment and opportunity to have their felony set-aside to seek better jobs that pay more and hire them without discriminating on a particular sub class of first

time felons. Sifuentes has been denied employment on his 23 year old conviction to obtain jobs that offer better pay and salary that he is qualified for. Sifuentes has standing on a claim of concrete injury. *Transunion LLC v. Ramirez, 141 S.Ct. 2190 (2021).* The statute therefore has cause Sifuentes concrete injury by violation of the equal opportunity act and denies Sifuentes the same equal access and relief for jobs that the statute of 780.621 was created to do. Any state law that contravenes a federal law is null and void. *Tobin v. Federal Exp. Corp., 775 F.3d 448 (1st Cir. 2014).*

**WHEREFORE,** for all these reasons Sifuentes **PRAYS** that this honorable court **GRANT** his requested relief and expunge his record and order the state to set-aside his conviction.

Respectfully submitted,

By: ______________________________

In Pro Se
David Angel Sifuentes III
439 More St. NE, Unit 2
Grand Rapids, MI 49503
Email: davidsifuentes61@yahoo.com
Phone no. 616-283-5215

Dated: March 26, 2024

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHGAN**

DAVID ANGEL SIFUENTES III,
Plaintiff, CASE NO.

HON.

-v-

STATE OF MICHIGAN,
Defendant.
_______________________________ /

**DECLARATION IN SUPPORT OF COMPLAINT AND MEMORANDUM OF LAW**

I, David Angel Sifuentes III, pursuant to 28 U.S.C. § 1746, hereby certify to the best of my knowledge, information, and belief that this compliant:

1. The facts and law in the complaint and memorandum of law is not being presented for and improper purpose and is presented in the best in my ability and knowledge.

2. Is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law.

3. The factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

4. The complaint and memorandum of law otherwise complies with the requirements of Federal Rule Civil Procedure 11.

5. I declare under penalty of perjury, that the foregoing is true and correct.

Executed on this 26th day of March 2024.

_______________________________
David Angel Sifuentes III

**EXHIBIT A**

| STATE OF MICHIGAN<br>42nd JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | ORDER ON APPLICATION TO SET ASIDE CONVICTION(S) | CASE NO. and JUDGE<br>00-9445-FH<br>Hon. Michael J. Beale<br>☐ This application includes multiple case numbers as listed in item 1. |
|---|---|---|

ORI MI- 560015J
Court address 301 W. Main St., Midland, MI 48640
Court telephone no. 989.832.6735

Police Report No.

| THE PEOPLE OF<br>☑ The State of Michigan<br>☐ ________________ | v | Defendant's name, address, and telephone no.<br>David Angel Sifuentes III<br>439 More Street, NE, Unit 2<br>Grand Rapids, MI 49503<br>CTN/TCN 569900324501   SID   DOB 11-18-78 |
|---|---|---|

**Instructions:** An order may not be entered until receipt of the report of the Michigan State Police. Copies of the order must be sent to the Michigan State Police and the prosecuting official. See page 3 for a list of offenses in MCL 780.621c that may not be set aside.

This order should not be used with applications to set aside a conviction under MCL 780.621(3), involving victims of human trafficking, or under MCL 780.621e, misdemeanor marihuana offenses.

1. An application to set aside the following conviction(s) was filed on 3-13-23 (Date).

| | CRIME | CHARGE CODE(S) MCL citation/PACC Code | DATE OF CONVICTION | CASE NUMBER |
|---|---|---|---|---|
| a. | CSC 3rd Degree Force | MCL 750.520d(1)(B) | 11-9-00 | 00-9445-FH |
| b. | Alcohol-Sell/Furnish a Minor | MCL 436.17011(A) | 11-9-00 | 00-9445-FH |
| c. | | | | |
| d. | | | | |

**THE COURT FINDS:**

2. The Michigan State Police has reported the required information from its records to the court.

3. The applicant ☐ has ☑ has not been convicted of more than three felonies.

4. The applicant has had ☑ no ☐ ______ convictions for an assaultive crime set aside under MCL 780.621 during their lifetime.

5. There ☐ are ☑ are not criminal charges pending against the applicant.

6. The applicant ☐ has ☑ has not been convicted of any criminal offense during the applicable time period required under MCL 780.621.

☑ 7. The applicant is requesting that a felony offense punishable by more than 10 years imprisonment be set aside. The applicant ☐ has ☑ has not previously had a felony conviction for the same offense set aside under MCL 780.621.

☐ 8. The applicant is requesting that a first violation operating while intoxicated offense be set aside. The applicant ☐ has ☐ has not previously applied to have and had a first violation operating while intoxicated offense conviction set aside.

A TRUE COPY
Ann Manary
ANN MANARY
MIDLAND COUNTY CLERK &
CLERK OF THE 42nd CIRCUIT COURT

Approved, SCAO
Form MC 228, Rev. 1/22
MCL 780.621, MCL 780.621b, MCL 780.621c, MCL 780.621d, MCL 780.622, MCL 780.623

Distribute form to: Court, State Police, Arresting agency, Prosecuting official, Defendant, Attorney General

☑ 9. The time period required by MCL 780.621d for the conviction(s) listed in item 1 **has** passed for
a. ☑ all convictions.
b. ☐ the following convictions: ______

☐ 10. The time period required by MCL 780.621d for the conviction(s) listed in item 1 **has not** passed for
a. ☐ all convictions.
b. ☐ the following convictions: ______

☐ 11. The following convictions listed in item 1 occurred within 24 hours and arose from the same transaction pursuant to MCL 780.621b: ______

☑ 12. An opportunity has been given to the Attorney General and prosecuting official to contest the application.

☐ 13. Circumstances and behavior of the applicant from the date of the applicant's convictions(s) to the filing of the application warrant setting aside the conviction(s), and it is consistent with the public welfare.

**IT IS ORDERED:**

☑ 14. The application is denied as to the following convictions listed in item 1: CSC 3rd Degree Force

Applicant may file another application to have this conviction set aside
☐ three years after the date of this order. **OR**
☐ earlier than three years after the date of this order, but no sooner than ______.
Date

☑ 15. The application is granted as to the following convictions listed in item 1: Alcohol-Sell/Furnish a Minor

The following felony convictions listed in item 1 are considered one conviction pursuant to MCL 780.621b: ______

Under MCL 780.623 the Michigan State Police shall maintain a **nonpublic record** of the order setting aside conviction and of the arrest, fingerprints, conviction, and sentence of the applicant in each case to which this order applies. If the conviction is for an offense that was reportable to the Secretary of State in accordance with MCL 257.732(22), the driving record shall not be expunged. If the court or arresting agency maintains a record of the arrest, biometric data, conviction or sentence, that record shall be nonpublic and not used for any purpose unless authorized by law.

[signature] January 26, 2024
Judge signature and date

NOTE TO APPLICANT: Under MCL 780.622, if this order sets aside a conviction for a listed offense as defined in MCL 28.722 of the Sex Offenders Registration Act, you are still considered to have been convicted of that offense and you must comply with the registration and reporting requirements of the act.

An order setting aside a conviction does not relieve any obligation by the applicant to pay restitution owed to the victim of a crime nor does it affect the jurisdiction of the convicting court or the authority of any court order with regard to enforcing an order for restitution. The applicant is not entitled to the return of any fine, costs, or other money paid as a consequence of a conviction that is set aside.

NOTE TO COURT: Under MCL 769.16a the clerk of the court shall advise the Michigan State Police Criminal Justice Information Center of the disposition.

STATE OF MICHIGAN

IN 42ND CIRCUIT COURT FOR THE COUNTY OF MIDLAND

PEOPLE OF THE STATE OF MICHIGAN,
Plaintiff,

v

DAVID ANGEL SIFUENTES,
Defendant.
_______________________________/

42nd Circuit Court Docket
No. 00-00945-FH-C

Midland County Circuit Judge

## ATTORNEY GENERAL'S OPPOSITION TO DEFENDANT'S APPLICATION TO SET ASIDE CONVICTION

Dana Nessel, Attorney General for the State of Michigan, opposes defendant's Application to Set Aside Conviction, saying:

Defendant asks this Court to set aside his 2001 conviction of CSC-3RD DEGREE (FORCE OR COERCION), MCL 750.520d(1)(b). Under MCL 780.621 an applicant may have up to three Michigan felony convictions and potentially an unlimited number of misdemeanor convictions from their record set aside, albeit with some restrictions and caveats. Certain offenses are ineligible under the statute, and an applicant may only apply after either three, five, or seven years have elapsed since the completion of the respective sentence for a conviction, with the time being set based on the conviction(s) being requested for a set aside.

Sifuentes's criminal record reveals that he was convicted of the following offenses:

1 Felony:

01/19/2001 - CSC-3RD DEGREE (FORCE OR COERCION), MCL 750.520d(1)(b)

3 Misdemeanors:

03/27/1997 - use of marijuana, spice, or salvia, MCL 333.7404(2)(d)

06/24/1997 - possession of marijuana, MCL 333.7403(2)(d)

06/09/2000 - operating a motor vehicle while impaired, MCL 257.625(3)

Prior Set Asides:

01/19/2001 - ALCOHOL - SELLING/FURNISHING TO MINOR, MCL 436.1701(1)

(Offense was set aside under Automatic Expungement, MCL 780.621g)

Sifuentes's 2001 conviction of CSC-3RD DEGREE (FORCE OR COERCION) is ineligible for a set aside because it is excluded under MCL 780.621c(1)(b).

January 12, 2015

Accordingly, the People respectfully ask this Court to deny Sifuentes's application to set aside his ineligible conviction.

Respectfully submitted,

Dana Nessel
Attorney General

Michael Ajami

Michael Ajami (82745)
Assistant Attorney General
Criminal Trials and Appeals Division
P.O. Box 30217
Lansing, MI 48909
Telephone: (517) 335-7000

Dated: November 20, 2023

STATE OF MICHIGAN

IN 42ND CIRCUIT COURT FOR THE COUNTY OF MIDLAND

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff,

v

DAVID ANGEL SIFUENTES,

Defendant.

_______________________________________/

42nd Circuit Court Docket
No. 00-00945-FH-C

Midland County
Circuit Judge

## PROOF OF SERVICE

On November 20, 2023, I served the Attorney General's Opposition to Defendant's Application to Set Aside Conviction on ROBERT DUNN at 3741 Wilder Rd, Ste D4, Bay City, MI 48706, and the Midland County Prosecuting Attorney at 220 W Ellsworth St, Midland, MI 48640, by depositing the same in the United States mail with first-class postage.

Michael Ajami

Michael Ajami (82745)
Assistant Attorney General
Criminal Trials and Appeals Division
P.O. Box 30217
Lansing, MI 48909
Telephone: (517) 335-7000

David Angel Sifuent -III
439 Mure St. NE
Unit 2
Grand Rapids, MI 49503

Retail

RDC 99

48226

U.S. POSTAGE PAID
FCM LG ENV
GRAND RAPIDS, MI 49501
MAR 27, 2024

$1.87

R2304H108849-4

Clerk
United states District Court
Clerk's office
231 Lafayette Boulevard
Detroit, MI 48226

U.S. MARSHALS