24-10827UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID ANGEL SIFUENTES, III,**<br><br>Plaintiff,<br><br>vs.<br><br>**STATE OF MICHIGAN,**<br><br>Defendant. | **2:24-CV-10827-TGB-APP**<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE AND MOTION TO AMEND JUDGMENT (ECF NOS. 11, 12)** |

Plaintiff David Angel Sifuentes III is an enjoined filer. *See David Angel Sifuentes. v. Midland Cnty. Prosecutors Office, et al.*, No. 20-12907, ECF No. 20 (E.D. Mich. Feb 19, 2021)(Drain, J.); *see, e.g., David Angel Sifuentes, III, v. Google, Inc.*, No. 22-50916, ECF No. 2 (E.D. Mich. May 17, 2022)(Murphy, J.). On February 19, 2021, the Honorable Gershwin A. Drain issued an order that prohibited Plaintiff from filing any new action in the Eastern District of Michigan without first obtaining leave of court. No. 20-12907, ECF No. 20, PageID.69.

On April 1, 2024, Plaintiff filed for leave to file a new action in this Court. ECF No. 1. This Court denied Plaintiff's motion for leave to file, and dismissed Plaintiff's Complaint, as the Complaint did not state a claim for which relief can be granted. ECF No. 9, PageID.31-32 ("the Order"). The Court dismissed this matter with prejudice. *Id.* Now, Plaintiff again moves for leave to file, ECF No. 11, and files a Motion to

amend the Court's judgment, arguing that the Court made erroneous findings in the Order. ECF No. 12, PageID.39. For reasons to follow, Plaintiff's Motion for Reconsideration and Motion for Leave to File are **DENIED**.

## I. BACKGROUND

Plaintiff was convicted of third-degree criminal sexual conduct in Michigan. ECF No. 9, PageID.32. A court in Michigan denied Plaintiff's request to have that conviction expunged, as Michigan law prohibits expungement of third-degree criminal sexual conduct. *Id.* at PageID.33. Plaintiff argued that this law was unconstitutional. *Id.* This Court found that Plaintiff did not state a claim on which relief could be granted. *Id.* at PageID.31-32. This Court then dismissed Plaintiff's action with prejudice. *Id.*

## II. ANALYSIS

Plaintiff makes several arguments for why the Court should amend the judgment against him.

### 1. "The Court Erred in Finding that Plaintiff's Claims Were Barred by the Eleventh Amendment"

In the Order, the Court held that Plaintiff had not stated a claim for relief which can be granted because he sued the State of Michigan under 42 U.S.C. § 1983. ECF No. 9, PageID.33-34. Plaintiff's claim against a state was prohibited by the Eleventh Amendment and sovereign immunity. *Id.* Plaintiff disagrees, stating that "Congress has

expressly abrogated states sovereign immunity for certain types of claims, including those brought under 42 U.S.C. § 1983." ECF No. 12, PageID.39-40. But Congress has not allowed persons to sue states under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). Because of sovereign immunity, Plaintiff has not stated a claim for which relief can be granted.

### 2.   "The Court Erred in Finding that Plaintiff's Equal Protection Claim Lacked Merit"

The Court held that Plaintiff failed to state a valid claim for relief with his argument that Michigan violated the Equal Protection Clause by prohibiting expungement for people convicted of sexual crimes while allowing it for others. The Court noted that the government has a rational basis to treat those convicted of sexual crimes differently than other individuals: the risk to the community presented by such individuals. ECF No. 9, PageID.34-45.

Plaintiff now argues for the first time that this law violates the Equal Protection Clause because it "prohibits the expungement of certain sexual offenses, including third-degree criminal sexual conduct, while allowing for the expungement of other sexual offenses, such as fourth-degree criminal sexual conduct. This distinction is not rationally related to a legitimate government interest." ECF No. 12, PageID.40. Plaintiff is incorrect. Third-degree criminal sexual conduct, Plaintiff's crime, is a

more serious offense than fourth-degree criminal sexual conduct: Plaintiff's crime involved sexual penetration whereas the fourth-degree offense does not. Mich. Comp. Laws Ann. § 750.520d (third-degree); Mich. Comp. Laws Ann. § 750.520e (fourth-degree). Plaintiff's crime being more serious provides a rational basis to treat it differently. The expungement law is valid under the Equal Protection Clause.

### 3. "The Court Erred in Finding that Plaintiff's *Ex Post Facto* Claim Lacked Merit"

The Court held that Plaintiff did not state a valid claim that the Michigan law prohibiting expungement violated the Ex Post Facto clause of the Constitution because the law did not punish any activity, but rather withholds a benefit from people like Plaintiff. ECF No. 9, PageID.35.

Plaintiff now argues for the first time that the Michigan law violates the Ex Post Facto Clause because the expungement law was amended after Plaintiff's conviction to prohibit the expungement of his offense. ECF No. 12, PageID.41. Plaintiff cites *Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (*quoting Beazell v. Ohio*, 269 U.S. 167, 169-70 (1925)) for the principle that "any statute . . . which makes more burdensome the punishment for a crime, after its commission . . . is prohibited as *ex post facto*." ECF No. 12, PageID.41.

In determining whether a retroactive law is criminal, and therefore prohibited by the Ex Post Facto Clause, courts ask two questions: first,

did the legislature intend to impose punishment, and second, is the statute otherwise so punitive either in purpose or effect as to negate a State's intention for the law to be civil? *Does #1-5 v. Snyder*, 834 F.3d 696, 700 (6th Cir. 2016).

The answer to both questions is no. First, Michigan courts have held that the purpose of the law forbidding Plaintiff's expungement is to protect public safety by helping the public be aware of the sexual crimes people have committed. *People v. Link*, 225 Mich. App. 211, 217-18 (1997). Such an intent is not punitive. *Snyder*, 834 F.3d at 700-01.

Second, courts consistently hold that statutes which retroactively make expungement unavailable for certain crimes are not punitive in effect, and do not violate the Ex Post Facto Clause. *State v. Hartup*, 126 Ohio App. 3d 768, 772 (1998); *People v. Acuna*, 77 Cal. App. 4th 1056, 1060 (2000); *State v. Greenberg*, 564 So. 2d 1176, 1177 (Fla. Dist. Ct. App. 1990); *State v. Burke*, 109 Or. App. 7, 12 (1991). Those courts find that such retroactive prohibitions on expungement are not punitive because they do not alter the defendant's sentence, but rather remove a possible *privilege* of expungement, something to which the defendant was not entitled. In other words, "the statute does not punish any activity at all, but rather withholds a benefit from people like Plaintiff." ECF No. 9, PageID.35. Plaintiff's *ex post facto* claim is not a valid claim for relief.

4.   **"The Court Erred in Striking Plaintiff's Complaint Without Providing an Opportunity to Respond;" "Striking a Complaint is a Harsh Penalty that Denies Due Process of Law."**

Plaintiff argues that the Court needed to give him an opportunity to respond before dismissing his Complaint. ECF No. 12, PageID.41. He cites *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) and *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983). Plaintiff also argues that the Court cannot strike his complaint unless he did not state a claim on which relief can be granted.

Plaintiff filed an application to proceed in forma pauperis. ECF No. 2. Therefore, *Tingler*'s rule restricting *sua sponte* dismissal does not apply. *See Coleman v. Tollefson*, 733 F.3d 175, 177 (6th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (Jan. 17, 2014), *aff'd*, 575 U.S. 532, 135 (2015) (noting that 28 U.S.C. § 1915(e)(2) overruled *Tingler* and allowed courts to dismiss in forma pauperis complaints that it finds frivolous and without merit). Plaintiff's other case, *Neitzke*, recognizes this: 28 U.S.C. § 1915(e)(2) "accords judges . . . the authority to dismiss [an in forma pauperis] claim based on an indisputably meritless legal theory." 490 U.S. at 327. Plaintiff's legal theories are indisputably meritless. As such, the Court may and does dismiss and strike Plaintiff's in forma pauperis claim.

6

5. **"The Court's Leave-to-File Requirement is Unconstitutional"**

Filing restrictions, like the one Plaintiff is subject to in the Eastern District of Michigan, "are the proper method for handling the complaints of prolific litigators." *United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023) (internal quotations removed, *quoting Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). To impose such a filing restriction, a court "should identify a pattern of repetitive, frivolous, or vexatious filings." *Petlechkov*, 72 F.4th at 710 (internal quotations removed, *quoting Feathers v. Chevron U.S.A, Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)).

This pattern has already been identified by the courts in this district which imposed a filing restriction on Plaintiff. *See David Angel Sifuentes. v. Midland Cnty. Prosecutors Office, et al.*, No. 20-12907, ECF No. 20, PageID.68-69 (E.D. Mich. Feb 19, 2021)(Drain, J.) (finding that Plaintiff had engaged in repetitive filings raising the same claims and arguments); *David Angel Sifuentes, III, v. Google, Inc.*, No. 22-50916, ECF No. 2 (E.D. Mich. May 17, 2022)(Murphy, J.) (denying leave to file because Plaintiff's claims were plainly frivolous).

That same pattern appears in this case. Plaintiff has raised arguments unsupported by caselaw which are effectively identical to the arguments already rejected in his complaint. Plaintiff has also cited to caselaw which does not appear to exist. *See* ECF No. 12, PageID.41-42

7

(citing to "*In re Vincent*, 823 F.3d 348 (6th Cir. 2016)" and *Stansbery v. Holmes*, 235 F.3d 301 (6th Cir. 2000)," which are both "cases" which do not exist, and citing to points of law that do not exist in *Lyons v. City of Xenia*, 417 F.3d 565 (6th Cir. 2005)). The restrictions that the Eastern District of Michigan have placed on Plaintiff's filings are the "proper method" of handling such frequent and vexatious filers.

### 6. "The Court's Failure to Provide Plaintiff with the Form to Choose his Jurisdiction Renders the Judgment Void"

For this principle, Plaintiff cites to an Eastern District of Michigan "case" that does not exist, "*Marr v. Wilkinson*, 306 F. Supp. 2d 734 (E.D. Mich. 2004)," and a Fifth Circuit case incorrectly cited as a Sixth Circuit case which is irrelevant to this matter, *Bennett v. Pippin*, 74 F.3d 578 (5th Cir. 1996). ECF No. 12, PageID.43. Reading the other cited authority makes this argument more understandable. 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, *Roell v. Withrow*, 538 U.S. 580 (2003). That authority states that on consent of the parties, a magistrate judge may conduct all the proceedings in a matter. But that authority does not state that what happened here is impermissible – the district court has dismissed this matter before a magistrate judge became involved. Besides, Plaintiff actually rejected proceeding before a magistrate judge in this case. "Plaintiff declines to consent to the jurisdiction of a magistrate judge and requests that all further proceedings be conducted before a district judge." ECF No. 5. Plaintiff's argument is irrelevant.

### III. CONCLUSION

Having found all of Plaintiff's arguments for why the Order should be amended to be meritless, Plaintiff's Motions for an Amended Judgment and for leave to file are **DENIED**. This case remains **CLOSED**.

**IT IS SO ORDERED.**


Dated: November 21, 2024   /s/Terrence G. Berg
                           HON. TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE